UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAENGPHET LNU (LAST NAME UNKNOWN),<br><br>Petitioner,<br><br>v.<br><br>KRISTI NOEM, Secretary of the Department of Homeland Security, PAMELA JO BONDI, Attorney General, TODD M. LYONS, Acting Director, Immigration and Customs Enforcement, JESUS ROCHA, Acting Field Office Director, San Diego Field Office, CHRISTOPHER LAROSE, Warden at Otay Mesa Detention Center,<br><br>Respondents. | Case No.: 3:26-cv-276-JES-BLM<br><br>**ORDER REQUESTING STATUS REPORT**<br><br><br><br><br><br>**[ECF Nos. 1, 20, 21]** |

Before the Court is Petitioner's Petition for Writ of Habeas Corpus, filed on January 16, 2026. ECF No. 1, ("Pet."). Petitioner is a native and citizen of Laos who entered the United States as a refugee in 1989, became a lawful permanent resident, and was ordered removed in 2002 on the basis of a criminal conviction. Pet. at 2; *see* ECF No. 20-1 at 15.

1

Because Laos refused to issue a travel document, ICE released Petitioner on an order of supervision. Pet. at 2. On October 15, 2025, Respondents (the "Government") re-detained Petitioner. ECF No. 21 ("Trav.") at 2.

This Court granted Petitioner's prior habeas petition and ordered him released on November 20, 2025. *See Saengphet v. Noem*, 815 F. Supp. 3d 1142, 1155 (S.D. Cal. 2025); ECF No. 21 at 1. Less than one month later, on December 18, 2025, Respondents re-detained Petitioner at a scheduled ICE check-in, providing him a Notice of Revocation of Release stating that ICE had "obtained a valid travel document for [his] removal to Laos." ECF No. 20-1 at 10-11; ECF No. 21 at 2. Petitioner has been detained at Otay Mesa Detention Center since that date. ECF No. 1-2 ("Saengphet Decl.") A ¶ 5. On May 19, 2026, the Government filed their Response. ECF No. 20, ("Res."). Respondents represent that ICE manifested Petitioner on a removal flight scheduled for May 14, 2026, and that on May 12, 2026, the Board of Immigration Appeals ("BIA") issued a stay of removal pending its review of Petitioner's motion to reopen. *Id*. at 1–2; ECF No. 20-1 at 18. On May 22, 2026, Petitioner filed a Traverse acknowledging the BIA stay and requesting the Court order a joint status report. Trav. at 2. The Court has reviewed the parties' submissions and finds that additional information is necessary before it can rule on the Petition.

The Response addresses Petitioner's detention, primarily from the vantage point of the May 14, 2026, removal flight. *See* Res. 2-7.  The Government brief, however, provides no account of its removal efforts during the preceding five months, since Petitioner was re-detained on December 18, 2025. *See generally id*. This gap is material.

Respondents' principal argument for continued detention rests on the "self-inflicted delay" rationale. *Id*. at 5. They contend that Petitioner's voluntary decision to seek a stay of removal before the BIA is the proximate cause of his continued detention and, therefore, cannot establish grounds for a *Zadvydas* claim. *Id*. at 3–5 (citing *Prieto-Romero v. Clark*, 534 F.3d 1053, 1063 (9th Cir. 2008)). Such rationale presupposes that the Government was otherwise on track to remove Petitioner before he filed his appeal. Unfortunately, the record before the Court does not establish this notion. The Response contains no declaration,

manifest record, or other evidence of any flight booking, removal attempt, or coordination with the Laotian government between December 18, 2025, and the May 14, 2026 flight. *See* ECF No. 20-1 at 1-18 (containing only the NTA, IJ Order, Notice of Revocation, Informal Interview form, and BIA Stay Order).

The Court notes that Petitioner was re-detained on December 18, 2025, and the BIA stay was not issued until May 12, 2026—nearly five months later. *See* ECF No. 20-1 at 10, 18. The record, however, does not indicate when Petitioner filed his motion to reopen, when the underlying IJ proceedings were resolved, or when he appealed that decision. The threshold question of whether Petitioner's detention has exceeded the presumptively reasonable period of detention, under *Zadvydas*, before the BIA stay was ever sought, has not been addressed. *See* 533 U.S. at 701; *Pelich v. INS*, 329 F.3d 1057, 1059 (9th Cir. 2003).

Accordingly, the Court hereby **ORDERS** Respondents to **FILE** a Status Report, on or before 5:00 p.m. on July 1, 2026, addressing the following:

**I.    Removal Efforts From February 2026 Through May 2026**

> a. Whether Petitioner was manifested on any removal flight between December 18, 2025, and May 14, 2026. If he was, Respondents shall provide evidentiary support of the flight(s) and any surrounding logistical arrangements. If not, Respondents shall state the specific reason(s) he was not manifested during that time.
>
> b. What steps ERO San Diego took, on a month-by-month basis, to schedule Petitioner's removal following his December 18, 2025, re-detention, including any flight inquiries, manifesting attempts, or coordination with Laotian officials.
>
> c. What operational impact, if any, Avelo Airlines' January 8, 2026, cancellation of its ICE charter contract had on ERO's ability to schedule Petitioner's removal, and what alternative carrier or charter arrangement has ICE utilized or pursued thereafter, and to date. *See*

ECF No. 1 at 8 (noting Avelo cancellation and that it "appears to be the only commercial airline carrying out full aircraft deportation flights on a regular schedule for ICE").

II. **Petitioner's Travel Document**

    a. The current validity status of the travel document ICE obtained from Laos and planned to remove Petitioner under in May 2026, including its effective date, expiration date, and whether Laos has confirmed the document remains honored given the pendency of Petitioner's BIA proceedings.

    b. Whether Laos has been notified of the BIA stay of Petitioner's removal. If so, whether Laos has taken any action affecting Petitioner's travel authorization, in light of the stay.

III. **Current Removal Efforts and BIA Proceedings Status**

    a. Whether the BIA has ruled on Petitioner's motion to reopen, and if not, the expected timeline for a decision. Whether the BIA stay of removal remains in effect as of the date of the supplemental filing deadline.

    b. If Petitioner's stay of removal has been terminated, whether he has been manifested on any removal flight since May 14, 2026.

    c. If Petitioner has not been manifested on a subsequent flight, when is the next scheduled ICE removal flight to Laos or a connecting country, and whether Petitioner is confirmed on it.

    d. Whether, setting aside the BIA stay of removal, ICE had a concrete and executable removal plan in place prior to May 12, 2026. Specifically, whether Petitioner was manifested on the May 14, 2026, flight before or after he filed his motion to reopen with the BIA.

//

e. The record reflects that Petitioner was first re-detained on October 15, 2025, released on November 20, 2025, and re-detained again on December 18, 2025. The BIA stay order was not issued until May 12, 2026. The record does not disclose the date on which Petitioner filed his motion to reopen or the date on which the immigration judge ruled on it. Respondents shall provide those dates and address the lawfulness of Petitioner's detention during the period preceding the BIA stay, independent of the self-inflicted delay rationale.

**IT IS SO ORDERED.**

Dated: June 8, 2026

_____

Honorable James E. Simmons Jr.
United States District Judge

3:26-cv-276-JES-BLM