UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SAENGPHET LNU (LAST NAME UNKNOWN),

Petitioner,

v.

KRISTI NOEM, Secretary of the Department of Homeland Security, PAMELA JO BONDI, Attorney General, TODD M. LYONS, Acting Director, Immigration and Customs Enforcement, JESUS ROCHA, Acting Field Office Director, San Diego Field Office, CHRISTOPHER LAROSE, Warden at Otay Mesa Detention Center,

Respondents.

Case No.: 3:26-cv-276-JES-GC

[Title]**ORDER:**

**(1) GRANTING PETITION FOR WRIT OF HABEAS CORPUS; and**

**(2) DENYING AS MOOT THE MOTION FOR TEMPORARY RESTRAINING ORDER**

**[ECF Nos. 1, 3]**

Before the Court is Petitioner Saengphet LNU's ("Petitioner") Petition for Writ of Habeas Corpus and Motion for Temporary Restraining Order. ECF Nos. 1 ("Pet."); 3. On May 19, 2026, Respondents filed their Opposition to the Petition. ECF No. 20. On May 22, 2026, Petitioner filed a Traverse. ECF No. 21. On July 24, 2026, the Court Ordered the parties to submit a Joint Status Report. ECF No. 24. On August 5, 2026, the parties filed a Joint Status Report. For the reasons set forth below, **GRANTS** the Petition.

//

## I. BACKGROUND

Petitioner, a native and citizen of Laos, entered the United States as a refugee in 1989 and became a lawful permanent resident. *Id*. at 2. On June 27, 2002, an immigration judge ("IJ") ordered him removed to Laos based on a criminal conviction. ECF No. 20-1 at 15. Because Laos would not issue a travel document, Immigration and Customs Enforcement ("ICE") released Petitioner on an order of supervision, which had been in force for over two decades. ECF No. 1 at 2.

On October 15, 2025, Respondents revoked Petitioner's order of supervision and re-detained him. ECF No. 21 at 2. This Court granted his petition for a writ of habeas corpus and ordered him released on November 20, 2025. *Saengphet v. Noem*, 815 F.Supp.3d 1142, 1149 (S.D. Cal 2025). Less than one month after his release, on December 18, 2025, Respondents re-detained Petitioner at a scheduled ICE check-in. ECF No. 20-1 at 10. ICE served Petitioner with a Notice of Revocation of Release stating that it had "obtained a valid travel document for [his] removal to Laos" and that he "will be confirmed for a removal flight in the imminent future." *Id.* An informal interview was conducted on the same date. *Id.* at 12. Petitioner has been detained at Otay Mesa Detention Center ever since. ECF No. 1-2 ¶ 5.

Petitioner filed the instant petition for writ of habeas corpus on January 16, 2026. Pet. On May 19, 2026, Respondents filed their Opposition, representing for the first time that ICE had manifested Petitioner on a removal flight scheduled for May 14, 2026. ECF No. 20 at 1. Respondents further disclosed that on May 12, 2026—two days before the scheduled flight—the Board of Immigration Appeals ("BIA") issued a stay of removal pending its review of Petitioner's motion to reopen. ECF No. 20 at 1–2; ECF No. 20-1 at 18. Petitioner filed a Traverse on May 22, 2026, acknowledging the BIA stay and requesting a status report. ECF No. 21.

On July 24, 2026, the Court ordered the parties to file a Joint Status Report. ECF No. 24. On August 5, 2026, the parties filed a Joint Status Report confirming that "[P]etitioner's appeal is still pending before the BIA, and the stay on removal remains in

place." ECF No. 25 at 1. No further information regarding Respondents' removal efforts, the travel document's current validity, or any removal flight was provided. *See id.*

## II. LEGAL STANDARD

Federal courts have jurisdiction to review the lawfulness of immigration detention under 28 U.S.C. § 2241. *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). Section 1231(a)(6) authorizes post-removal-period detention, but "does not permit indefinite detention." *Id.* at 689. After a six-month period of post-removal-period detention, the noncitizen must provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," whereupon the burden shifts to the Government to "respond with evidence sufficient to rebut that showing." *Id.* at 701; *Pelich v. INS*, 329 F.3d 1057, 1059 (9th Cir. 2003). Where removal is not significantly likely in the reasonably foreseeable future, "the court should hold continued detention unreasonable and no longer authorized by statute" and grant the writ. *Owino v. Napolitano*, 575 F.3d 952, 955 (9th Cir. 2009) (quoting *Zadvydas*, 533 U.S. at 699–700).

## III. DISCUSSION

### A. Petitioner Has Carried His Initial Burden Under *Zadvydas*.

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas*, 533 U.S. at 687; *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

//

### B. Respondents Fail to Meet Their Burden Under *Zadvydas*.

The burden having shifted, Respondents must produce "evidence sufficient to rebut" Petitioner's showing. *Zadvydas*, 533 U.S. at 701. They have not done so. The record contains no evidence of any removal effort, flight inquiry, manifest, or consular coordination between December 18, 2025—the date of Petitioner's re-detention—and May 14, 2026, the date of the single removal flight Respondents reference. *See* ECF No. 20-1 (containing only the NTA, IJ Order, Notice of Revocation, informal interview form, and BIA stay—no manifest records, flight bookings, or ERO communications for that five-month period). The August 5th Joint Status Report adds nothing beyond the bare statement that the BIA appeal remains pending and the stay remains in effect. ECF No. 25 at 1.

Respondents' sole affirmative argument is the "self-inflicted delay" rationale. ECF No. 20 at 3 That Petitioner's voluntary pursuit of a BIA stay is the cause of his continued detention and, therefore, cannot ground a *Zadvydas* claim. *Id*. at 3–5 (citing *Prieto-Romero v. Clark*, 534 F.3d 1053, 1063 (9th Cir. 2008)). That rationale fails, given these circumstances, for two independent reasons.

First, *Prieto-Romero* applies where the government stands "ready to remove [the petitioner] as soon as judicial review is complete." 534 F.3d at 1063. That predicate is not established here. The record contains no evidence that Respondents were ready to remove Petitioner between December 18, 2025, and May 12, 2026—a period of nearly five months during which no flight was booked, no manifest was produced, and Avelo Airlines, which Petitioner's own filing identified as "the only commercial airline carrying out full aircraft deportation flights on a regular schedule for ICE," had cancelled its contract with the agency on January 8, 2026. ECF No. 1 at 8. Respondents produced no evidence in their Opposition or in the status report rebutting these points or showing what, if any, alternative carrier was arranged. ECF Nos. 20, 25.

Second, even accepting the *Prieto-Romero* rationale as applicable at the time of the Opposition, it cannot justify detention indefinitely. The BIA stay was issued on May 12, 2026. ECF No. 20-1 at 17. According to the August 5th Joint Status Report, the stay remains

in place and the BIA has provided no ruling timeline. ECF No. 25. The record contains no evidence that removal will occur within any ascertainable period following the BIA's resolution of the appeal. In the absence of any concrete indication that the BIA will rule, that the stay will be lifted, and that ICE can and will promptly execute removal, Respondents cannot show that removal is "significantly likely" in the "reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

The Court notes, also, that this is the second time Respondents have re-detained Petitioner, promised imminent removal, and failed to execute it. In the prior habeas action, the Court found that the Government had "failed to obtain a travel document from Laos for more than the last twenty years" and that its "sentiment that it is more likely to obtain one now does not constitute sufficient changed circumstances." *Saengphet*, 815 F.Supp.3d at 1149.

History has repeated itself. ICE re-detained Petitioner on December 18, 2025, stating a flight was "imminent," produced no evidence of any removal effort for five months, and now asks this Court to defer to a BIA proceeding of indeterminate length. ECF No. 20-1 at 10. On this record, Respondents have not demonstrated that removal is significantly likely in the reasonably foreseeable future. The Petition must, therefore, be granted.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Petition for Writ of Habeas Corpus and **ORDERS** the following:

(1) Respondents are **ORDERED** to **IMMEDIATELY RELEASE** Petitioner from immigration custody, on the same conditions as previously imposed under his pre-existing order of supervision, and to **FILE** a Notice of Compliance, no later than **<u>August 25, 2026</u>**, confirming that Petitioner has been released;

(2) In light of the Court's ruling on the Petition, Petitioner's Motion for Temporary Restraining Order is **DENIED AS MOOT**;

//

(3) Respondents are **ENJOINED** from re-detaining Petitioner under 8 U.S.C. § 1231(a)(6), unless and until Respondents establish in a filing with this Court that:

a. The BIA stay of removal has been lifted;

b. A valid, unexpired travel document exists for Petitioner's removal to Laos; and

c. Petitioner has been confirmed on a specific removal flight scheduled to depart no later than fourteen days from the date of re-detention;

(4) Respondents are **ENJOINED** from re-detaining Petitioner without first following all procedures set forth in 8 C.F.R. §§ 241.4(l) and/or 241.13(i); and

(5) The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: August 26, 2026

Honorable James E. Simmons Jr.
United States District Judge